UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATHLINE ESPINOZA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1412 JCH |
| ) | |
| CYNDI PRUDDEN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Cathline Espinoza's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On January 2, 2008, Petitioner entered an Alford plea in the Circuit Court of Crawford County, Missouri, to five counts of forgery, and one count of property damage. Petitioner was sentenced to seven years imprisonment on each forgery count, and four years imprisonment on the property damage count, all terms to be served concurrently. Petitioner did not appeal her convictions or sentence, nor did she file a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035.

Petitioner is currently incarcerated at the Women's Eastern Reception, Diagnostic and Correctional Center in Vandalia, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following four claims for relief:

(1) That in enforcing Mo.Rev.Stat. §558.019, the Department of Corrections improperly is requiring Petitioner to serve forty percent of her current sentence prior to consideration for early release, in violation of the *Ex Post Facto* Clause;

(2) That because the forgery counts constituted a single offense, Petitioner's multiple forgery convictions violated the Double Jeopardy Clause;

(3) That the prosecutor unlawfully threatened Petitioner with a heavier sentence if she did not plead guilty, and the plea Judge promised Petitioner release on probation; and

(4) That Petitioner's requests for discovery were denied.

(§ 2254 Petition, Doc. No. 1, PP. 5-11).

## DISCUSSION

### I. Procedural Bar

A review of the record reveals that Petitioner has not raised any of her claims before the Missouri state courts.[1] A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). Because Petitioner has failed properly to raise the claims in state court proceedings, the claims are defaulted and she is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has not shown cause for her failure to raise the claims in state court.[2] In addition, because

---

[1] Ground 1 of Petitioner's petition was cognizable in a Missouri state declaratory judgment action, and Grounds 2 through 4 were cognizable in a 24.035 post-conviction proceeding.

[2] "To establish cause for a procedural default, petitioner must demonstrate that some objective factor external to the defense impeded [her] efforts to comply with state procedural requirements." Jones v. Blake, 2008 WL 4820788 at *3 (E.D.Mo. Nov. 5, 2008), citing Coleman, 501 U.S. at 750-52. "A lack of education or legal training, illiteracy, physical or mental handicap and pro se status on the part of petitioner are not legally sufficient causes for procedural default." Id., citing Cornman

- 2 -

Petitioner makes no claim of actual innocence, she cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). The claims raised in Petitioner's petition thus are therefore procedurally defaulted and must be denied.[3]

**II.     Merits**

   **A.     Ground 1**

As stated above, in Ground 1 of her petition Petitioner asserts that in enforcing Mo.Rev.Stat. §558.019, the Department of Corrections improperly is requiring Petitioner to serve forty percent of her current sentence prior to consideration for early release, in violation of the *Ex Post Facto* Clause.[4] Specifically, Petitioner maintains that because Section 558.019 was enacted in 1987, it cannot retroactively apply to enhance her punishment based on her conviction in 1985.

Under United States Supreme Court law, "two critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29 (1981) (citations and footnotes omitted). "Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and

---

v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). Petitioner's status as a "layman to the law" thus does not constitute cause sufficient to excuse her procedural default.

   [3] In an abundance of caution, the Court will continue to address Petitioner's claims on the merits.

   [4] Pursuant to Mo.Rev.Stat. §558.019.2, any offender with one previous prison commitment to the department of corrections for a felony offense must serve at least forty percent of his or her sentence prior to consideration for early release.

governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." Id. at 30.

Upon consideration, the Court finds the Department of Corrections did not apply Section 558.019.2 to a conviction that occurred prior to its enactment. Rather, it applied the provision only to the current sentence Petitioner is serving, for crimes committed long after the enactment of §558.019.2. The application thus did not violate the *Ex Post Facto* Clause, and so Ground 1 of Petitioner's petition must be denied. See Nichols v. U.S., 511 U.S. 738, 747 (1994) (citations omitted) ("Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes that are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction. As pointed out in the dissenting opinion in Baldasar, '[t]his Court consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant.'"); Irvin v. Missouri Bd. of Probation and Parole, 34 S.W.3d 202, 206 (Mo. App. 2000) (finding the application of §558.019.2(3) did not violate the *Ex Post Facto* Clause of the United States or Missouri Constitution, as Petitioner was punished only for the current offense).

### B.      Ground 2

As stated above, in Ground 2 of her petition Petitioner asserts that because the forgery counts constituted a single offense, Petitioner's multiple forgery convictions violated the Double Jeopardy Clause. Upon review of the record, however, the Court finds Petitioner plead guilty to distributing five separate counterfeit checks. (See Respondent's Exh. A, PP. 7-8; Respondent's Exh. C, PP. 7-8). The offenses thus were distinguishable from each other, requiring different proof on at least one element, and so her five convictions did not violate the Double Jeopardy Clause. Ground 2 is denied.

### C.      Ground 3

As stated above, in Ground 3 of her petition Petitioner asserts that the prosecutor unlawfully threatened Petitioner with a heavier sentence if she did not plead guilty, and that the plea Judge promised Petitioner release on probation. The transcript of Petitioner's guilty plea proceeding contradicts Petitioner's claims, however, as follows:

> The Court: *Have any threats or promises been made to you to induce you to plead guilty pursuant to Alford?*
>
> Petitioner: *No, sir.*
>
> The Court: Has anyone made any promise about the sentence you are to receive other than the plea recommendation from the prosecuting attorney?
>
> Petitioner: No, sir....
>
> The Court: Now, Ms. Espinoza, I'll get a report in 90 to 120 days as to how you've done in the Department of Corrections. If you go up there and get a bunch of conduct violations and don't do what you're supposed to do, you won't get out. Do you understand that?
>
> Petitioner: Yes, sir.
>
> The Court: If you do what you're supposed to do, don't get a bunch of conduct violations and the state doesn't object, you'll be considered for release, *but you are not guaranteed release*. A lot of it depends upon your conduct. Do you understand that?
>
> Petitioner: Yes, sir.

(Respondent's Exh. A, PP. 6, 15-16 (emphasis added)).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" <u>Smith v. Lockhart</u>, 921 F.2d 154, 157 (8th Cir. 1990), quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). Petitioner offers no evidence to refute her sworn testimony, and this Court thus finds that Petitioner's own testimony demonstrates the prosecutor did not threaten her with a heavier sentence if she refused to plead

guilty, nor did the plea Judge promise release on probation if Petitioner voluntarily pled guilty. Petitioner's third ground for relief will therefore be denied.

### D. Ground 4

As stated above, in Ground 4 of her petition Petitioner asserts that her requests for discovery were denied. In response to this claim, Respondent submits evidence that Petitioner's attorney filed an extensive discovery request prior to trial, and the State responded by opening its files for copying. (Respondent's Exh. C, PP. 12-18). Furthermore, the following discussion took place during Petitioner's guilty plea proceeding:

> The Court: Have you discussed with [Petitioner] the evidence which she's provided you and the evidence which you've been able to obtain from the prosecuting attorney and other sources?
>
> Ms. Bull[5]: Yes.
>
> The Court: Do you believe the prosecuting attorney has provided you with all the evidence or leads to all the evidence which he has?
>
> Ms. Bull: Yes.

(Respondent's Exh. A, P. 9). Based on the foregoing, the Court finds Petitioner received all the discovery to which she was entitled, and so Ground 4 of the instant petition must be denied.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and her claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

---

[5] Ms. Tanisha Bull represented Petitioner during her guilty plea proceeding.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).


Dated this 4th day of September, 2009.


                                              /s/ Jean C. Hamilton
                                              UNITED STATES DISTRICT JUDGE